IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02303-PAB-MJW

KRISTIN J. SWANSON,

      Plaintiff,

v.

LAW OFFICE OF SUSAN ADDISON BLUSH, P.C., d/b/a Kentwood Law Group, a
California Professional Corporation,

      Defendant.

---

## ORDER

---

      This matter is before the Court on the Motion to Set Aside Entry of Default

[Docket No. 15] filed by defendant the Law Office of Susan Addison Blush, P.C. d/b/a

Kentwood Law Group, P.C. ("Kentwood").  In its motion, Kentwood requests that the

Court vacate the Entry of Default [Docket No. 13] entered by the Clerk of the Court on

September 28, 2012.  Plaintiff Kristin J. Swanson has not filed a response to the

motion.

      On August 29, 2012, plaintiff filed a complaint [Docket No. 1] asserting a claim

against Kentwood for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 *et seq.*  On September 28, 2012, plaintiff filed a motion for entry of

default [Docket No. 10] pursuant to Rule 55(a) of the Federal Rules of Civil Procedure

because of defendant's failure to respond or otherwise defend the case.  Docket No.

10-1 at 1, ¶¶ 5-6.  In support of her motion for entry of default, plaintiff alleged that

Kentwood was served with the summons and complaint on September 5, 2012, which

was received by "Rachelle," who is allegedly one of Kentwood's managers.  *See* Docket No. 8 at 2.

In its motion to vacate the entry of default, Kentwood argues that it was never served with the summons.  Docket No. 15 at 3.  In support, it submits an affidavit from Susan A. Blush, Kentwood's president and owner.  In her affidavit, Ms. Blush states that Kentwood first received notice of this case on September 27, 2012.  Docket No. 15-1 at 2, ¶ 7.  Ms. Blush also states that Kentwood has never employed an individual by the name of "Rachelle."  *Id*. at ¶¶ 6-7.  Morever, she claims that Kentwood has meritorious defenses to plaintiff's claims, namely, that Colorado law exempts attorneys from the definition of "Collection Agency" and that Kentwood's account notes do not reveal that harassing telephone calls were made to plaintiff.  *Id*. at 3, ¶ 13.

The Court may set aside an entry of default for good cause.  *See* Fed. R. Civ. P. 55(c).  This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).  *Id*.; *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp*., 115 F.3d 767, 775 n.6 (10th Cir. 1997).  In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense.  *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing In re *Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  The Court need not consider each one of these factors and may consider other factors in its discretion.  *Id*.  Guiding the Court's analysis is the

2

time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within the Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency.  *Gomes*, 420 F.2d at 1366.

    With respect to the first factor, the Court finds that Kentwood's failure to respond or otherwise answer was not a willful or a flagrant disregard of the Court's authority. *See United States v. Timbers Preserve, Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) ("Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default") (citation omitted).  According to Ms. Blush's affidavit, Kentwood did not receive plaintiff's service of process and plaintiff has not presented evidence to rebut this testimony.  *See Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1106 (D. Kan. 1993) ("A defendant's conduct has been determined to be 'culpable' if he has received actual or constructive notice of the filing of the action and failed to answer").  Thus, without contradictory evidence, the entry of default in this case was premised on what appears to be faulty service rather than Kentwood's culpable conduct.

    With respect to the second factor, the Court finds no prejudice to plaintiff in setting aside the entry of default because Kentwood moved to vacate the entry of default within six days of the Clerk's entry of default.  *See Procom Supply, LLC v. Langner*, No. 12-cv-00391-MSK-KMT, 2012 WL 2366617, at *3 (finding no prejudice in

3

setting aside entry of default when defendant filed a motion for relief three days after default entered).  Given that it is still early in the case, the Court finds that plaintiff will suffer no prejudice if the entry of default is vacated.  *Estate of Ortiz v. Lithia Motors, Inc.*, No. 08-cv-00907-PAB-KLM, 2009 WL 1258969, at *2 (D. Colo. May 5, 2009) (finding no prejudice because plaintiff did not identify any undue prejudice it would suffer if the Court set aside the Clerk's entry of default).

Finally, Kentwood claims that it has meritorious defenses to plaintiff's complaint. Docket No. 15 at 4.  To determine whether defendant has a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action."  *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Generally, a defendant's version of the facts and circumstances supporting its defense will be deemed as true.  *Id.*  In its motion, Kentwood alleges it has evidence that plaintiff's harassment claim, brought pursuant to 15 U.S.C. § 1692d, lacks merit because its account notes do not reveal any harassing telephone calls made to plaintiff. Docket No. 15-1 at 3, ¶ 13.  Additionally, Kentwood claims that it is not in violation of the FDCPA because, pursuant to Colo. Rev. Stat. § 12-14-103, attorneys are exempt from the definition of "Collection Agency" if these attorneys regularly engage in the collection of debts in the State of Colorado, irrespective of where the attorneys are licensed.  Docket No. 15-1 at 3, ¶ 13.  Assuming Kentwood's allegations are true, *see Stone*, 588 F.2d at 1319, they could demonstrate meritorious defenses.  *Id*. ("The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the

4

defense, if movant's version were believed, would be meritorious").  Accordingly, Kentwood should have the opportunity to assert those defenses against plaintiff's claims.  *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided").

Based on the foregoing, the Court finds good cause to vacate the entry of default against Kentwood pursuant to Fed. R. Civ. P. 55(c).

Therefore, it is

**ORDERED** that Defendant's Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c) [Docket No. 15] is **GRANTED**.  It is further

**ORDERED** that the Entry of Default [Docket No. 13] against defendant Law Office of Susan Addison Blush, P.C. is **VACATED**.  It is further

**ORDERED** that, within seven days of the entry of this order, defendant Law Office of Susan Addison Blush, P.C. shall file its answer with the Court.

DATED December 7, 2012.

BY THE COURT:

 s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge

5